# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARTHA PHIPPS,

    Plaintiff,    :    Case No. 3:09-cv-299

   -vs-                                Magistrate Judge Michael R. Merz

                              :

STELLAR RECOVERY, INC.,

    Defendant.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This case is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11), which Defendant opposes (Doc. No. 12), and as to which Plaintiff has filed a Reply (Doc. No. 13).

The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) in their Fed. R. Civ. P. 26(f) Report (Doc. No. 7) and Judge Rice has referred the case on that basis (Doc. No. 8). Thus, although a summary judgment motion is dispositive within the meaning of 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge is authorized to decide the Motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine

1

issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.* The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order

to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

## Analysis

Plaintiff brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. ("FDCPA")(Complaint, Doc. No. 1, at ¶ 1.) The Complaint alleges that Plaintiff is a consumer (¶ 2), Plaintiff incurred a debt (¶ 3), Defendant owned the debt or was retained by the owner to collect it (¶ 4), and Defendant is a debt collection within the meaning of FDCPA, § 1692a(6).

The Complaint further alleges that Plaintiff responded to a voice mail message from Defendant on or about November 20, 2008, and during the resulting conversation, Defendant threatened to sue Plaintiff if the "did not immediately agree to pay the debt" and to contact her employer and garnish her wages (¶¶ 7, 8, 9, 10) Plaintiff asserts that at that time Defendant had neither the ability nor the intent to sue her or to garnish her wages. (¶¶ 11, 12). On or about December 16, 2008, a similar conversation occurred in which Defendant threatened to sue Plaintiff, which it had neither the intent nor the ability to do. (¶¶ 13-16.)

Based on these facts, Plaintiff pleads four counts of violation of the FDCPA: falsely representingof the character, amount, and.or legal status of the debt (Count One); threatening action which could not legally be taken and/or which was not intended to be taken (Count Two); making misrepresentations during the conversations (Count Three); and using unfair and/or unconscionable means to collect the debt (Count Four).

On October 29, 2009, Plaintiff served her First Set of Requests for Admissions on Defendant (See Ex. A. to Motion). On January 12, 2010, Plaintiff's counsel certified to the Court that he had never received any responses and requested that the Court deem the Requests admitted (Doc. No. 10). By Notation Order on January 13, 2010, the Court noted that unresponded to requests for admission are deemed admitted as a matter of law, as provided in Fed. R. Civ. P. 36.

Plaintiff's Motion for Summary Judgment is based on the deemed admissions, Plaintiff's

attached Affidavit (Exhibit C), and a printout from the Montgomery County Clerk of Courts Public Records Online System showing lawsuits filed against Martha Phipps, et al, and Emery P. Phipps, Sr., by GMAC on successive dates in October, 2008, in the Montgomery County County Court located in Huber Heights (Exhibit B). Defendant's Memorandum in Opposition (Doc. No. 12), while asserting that there are genuine issues of material fact, has no attached or referenced evidentiary matter.

Plaintiff summarizes the relevant admissions from the Requests for Admission as follows: "In general, Defendant admitted that it threatened to 'summons Plaintiff to Court if Plaintiff did not immediately agree to pay the debt;' [referencing ¶ 8] it 'threatened to contact Plaintiff's employer and have Plaintiff's wages garnished;' [referencing ¶ 9] and that it repeated its threat to sue Plaintiff on December 16, 2008." (Motion, Doc. No. 11, at 4). Plaintiff concludes:

> Since Defendant admits to threatening Plaintiff with a lawsuit, and garnishment but has not filed any legal action against Plaintiff, it is evident that Defendant never intended to take such action and made false representations to Plaintiff. Accordingly, Plaintiff is entitled to summary judgment as a matter of law.

*Id.* Plaintiff's sole proof that Defendant has not sued Plaintiff is Exhibit B, a purported but unauthenticated printout from the Montgomery County Clerk of Courts Online System which Plaintiff's counsel references as "See public records search for Montgomery County (attached as Exhibit B). *Id.* at n. 5. The Court is not told, much less told by admissible evidence, what that website is designed to enable the visitor to do. Beyond that, who conducted the search of which these are the purported results? What search terms were used? What period of time was searched? There is no evidence in the form required by Fed. R. Civ. P. 56 that answers any of these questions.

Even if Exhibit B answered the questions set forth in the prior paragraph, it would require additional inferences to get that document to answer the questions Plaintiff says it answers. Put simply, the fact that person A does not sue person B does not settle the questions whether person A

5

intended to sue person B at the time of making a threat to do so or had the legal right to file such a suit. Defendant asserts – but provides no proof of – a reason why the threatened suit might not have been filed: resolution of the claim short of suit (See Memorandum in Opposition, Doc. No. 12, at 4.)

Plaintiff also offers no citations of authority to tie up the acts she claims Defendant committed and liability under the FDCPA. On its face, a threat to sue someone for a debt owed or to garnishee their wages after judgment is not unfair or unconscionable. Plaintiff's Affidavit characterizes Defendant's agent's tone of voice as "aggressive" and it effect as "intimidating," but these are pure conclusions, not facts. And while Plaintiff's Affidavit attests to effects of the calls which come within some of the cited authority for upholding damages, they certainly do not establish anything like the notion that Plaintiff's damages should be valued at $51,000 as claimed in the Motion (Doc. No. 11, at 6).

It appears to the Court that the instant Motion and perhaps the entire case have been "underlitigated": little discovery has occurred and neither side has complied with the Scheduling Order in terms of identifying witnesses. In a sense, this is refreshing in that there may not be sufficient damages to warrant extensive discovery. While the federal courts have authority under Fed. R. Civ. P. 26(b)(2)(C) to proportion the amount of discovery in a case to the amount in controversy and the importance of the issues involved, no such authority exists under Fed. R. Civ. P. 56 or the Federal Rules of Evidence.

On the present state of the record, Plaintiff has proven all of those facts which were deemed admitted as a result of Defendant's failure to respond to the Requests for Admission and is entitled to summary judgment to that extent. However, those facts establish neither ultimate liability nor the

amount of damages Plaintiff has suffered. Plaintiff's Motion is granted to the extent of the deemed admissions and otherwise denied.

April 5, 2010.

                                                                                                  s/ **Michael R. Merz**
                                                                                              United States Magistrate Judge